IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,** | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | 10-7017 |
| v. | : | |
| | : | |
| **TSIC ACQUISITION, L.P., et al.,** | : | |
| Defendants | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                   July 13, 2011

Toshiba America Medical Systems, Inc. ("Toshiba"), has filed a two count breach of contract suit.  Count I states breach of contract claims against TSIC Acquisition, L.P. ("TSIC LP"), TSIC LP's general partner TSIC Acquisition GP, Inc. ("TSIC Inc."), and TSIC LP's limited partners, Michael R Clair, M.D., William H. Hartz, M.D., Philip J. Moldofsky, M.D., Jay S. Rosenblum, M.D., Kenneth E. Brumberger, M.D., and Michael Carr (collectively "the Limited Partners").[1]  TSIC LP has filed an answer, and the remaining Count I defendants ("Moving Defendants") have filed a Motion to Dismiss for failure to state a claim.  For the reasons set forth below, the Motion will be granted as to the Limited Partners and denied as to the general partner, TSIC Inc.

---

[1] Count II states claims only against Fox Chase Medical Center, which has filed an Answer.

**Factual Background**

In the spring of 2007, Toshiba entered into four 63-month medical imaging equipment lease agreements with two companies: ATI Resources, Inc. and MRI Capstone Resources, Inc. In February 2009, ATI Resources, Inc. and MRI Capstone Resources, Inc. assigned their rights and obligations under the leases to "TSIC Acquisition, L.P. by it's [sic] General Partner TSIC Acquisition GP, Inc."[2] Fox Chase Medical Center guaranteed payment of the TSIC LP leases. On June 30, 2009, Toshiba sold its interest in the assigned leases to Wells Fargo Equipment Finance, Inc., and Toshiba guaranteed Wells Fargo payment for the TSIC LP leases. On April 1, 2010, Wells Fargo notified Toshiba that TSIC LP was over 90 days delinquent on all four leases. Toshiba paid Wells Fargo the past and accelerated balance due on all imaging units, as was required by their guarantee agreement. Toshiba now seeks to recoup past due and accelerated lease payments, plus penalties and interest, late charges, attorney's fees, and other costs incurred by Toshiba due to Defendants' breaches.

**Standard of Review**

The Court may, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss a claim for failure to state a claim upon which relief can be granted if a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[3] In determining whether a motion to dismiss should be granted, the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving

---

[2] See Complaint Exh. C.

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

2

party.[4] In addition to the factual allegations set forth in the complaint, the Court may consider the factual allegations within other documents, including those described or identified in the complaint if those documents are integral to Plaintiff's claims.[5] Courts are not bound to accept as true bald assertions or legal conclusions couched as factual allegations.[6] Something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[7] The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[8] The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[9]

## Discussion

The elements of a breach of contract claim are: 1) the existence of a contract between the parties; 2) plaintiff's performance of its contractual duties; 3) defendant's breach of its contractual duties; and 4) damages.[10] Moving Defendants seek to dismiss the claims against

---

[4] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

[6] Twombly, 550 U.S. at 555, 564.

[7] Id. at 570.

[8] Id. at 562.

[9] Id. (citing O'Brien v. DiGrazia, 544 F.2d 543, 546, n.3 (1st Cir. 1976); McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988).

[10] There are four contracts at issue in this case: two lease assignments from ATI Resources, Inc. and two lease assignments from MRI Capstone Resources, Inc. One of the ATI Resources, Inc. agreements included a California choice-of-law provision, and the other included an agreement to be governed by New Jersey law. Both assignments from MRI Capstone Resources, Inc. included an agreement to be governed by the law of California. The elements of a breach of contract claim are the same under New Jersey and California law. Compare Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) and Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F.

3

them for failure to state a claim upon which relief can be granted, on the grounds that Plaintiff has not pled that Moving Defendants were parties to the lease agreements and are liable to Plaintiff. One cannot be liable for a breach of contract unless one is a party to that contract.[11]

General Partner TSIC Inc.

The Complaint clearly states that TSIC Inc. is the general partner in TSIC LP. The lease assignment agreements, which are attached to the complaint, were entered into and signed by "TSIC Acquisition, L.P. by it's [sic] General Partner TSIC Acquisition GP, Inc."[12] Under Pennsylvania law,[13] general partners are liable for all the obligations of the limited partnership unless otherwise agreed or provided by law.[14]

Here, the Plaintiff alleged, and it is undisputed, that TCIS Inc. is the general partner in TCIS LP. In addition, Plaintiff identified and attached to the Complaint the assignment lease agreements to which TCIS Inc. was a signatory on behalf of TCIS LP. Plaintiff has also alleged its compliance with the contract, TSIC's breach of the lease agreements, and resulting damages. Accordingly, the Court finds that Plaintiff has stated a claim for breach of contract against TSIC Inc.

---

Supp. 2d 552, 561 (D.N.J. 2002) with Lyons v. Coxcom, Inc., 718 F. Supp. 2d 1232, 1237 (S.D. Cal. 2009); Patriot Rail Corp. v. Sierra R.R. Co., No. 09-9, 2011 WL 318400 (E.D. Cal., Feb. 1, 2011); Walsh v. West Valley Mission Cmty. Coll. Dist., 66 Cal. App. 4th 1532, 1545 (Cal.App. 6 Dist., 1998).

[11] FDIC Deposit Ins. Corp. v. Bathgate, 27 F.3d 850, 876-77, at *4 (3d Cir. 1994); Int'l Union of Operating Eng'rs, Local 3 v. Zurich N. Am., No. 06-957, 2006 WL 2791156, at *3 (E.D. Cal., Sept. 27, 2006).

[12] Complaint Exh. C.

[13] TSIC LP is a Pennsylvania limited partnership, and the rights and liabilities of its general and limited partners are created by Pennsylvania law, 15 PA. CONS. STAT. ANN. § 8523 et seq.

[14] 15 PA. CONS. STAT. ANN. § 8533(b).

The Limited Partners

Under Pennsylvania law, "[a] limited partner is not liable, solely by reason of being a limited partner, under an order of a court or in any other manner, for a debt, obligation or liability of the limited partnership of any kind or for the acts of any partner, agent or employee of the limited partnership."[15]  Merely alleging that individuals are limited partners in a limited partnership is not sufficient to assert liability against those individuals; the Plaintiff must show other grounds for holding them personally liable, such as alleging that they entered into contracts in their individual capacities or otherwise personally participated in the contract formation.[16]  Plaintiff has not alleged or shown that the Limited Partners were signatories to the contracts at issue nor that they otherwise personally participated in the contract formation.

Instead, to support its claim against the Limited Partners, Plaintiff points to the Limited Partnership Agreement of TSIC Acquisition, L.P., which was not incorporated into or attached to the Complaint, but which may be considered.[17]  Plaintiff states: "as signatories to the [Limited Partnership] agreement, moving defendants are presumably aware that the partnership agreement

---

[15] 15 PA. CONS. STAT. ANN. § 8523(a).

[16] Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 504 (E.D. Pa. 2008)

[17] In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the complaint.  Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) held that a court might consider an undisputedly authentic document that is attached as an exhibit to Defendant's motion to dismiss if Plaintiff's claims are based on that document, thus demonstrating that Plaintiff is on notice of the contents of that document.  In this case, there is no dispute over the authenticity of the Limited Partnership Agreement.  Plaintiff did rely upon the Limited Partnership Agreement in developing the complaint, as the Complaint includes as Defendants the general partner and limited partners who were signatories to the Partnership Agreement.  Unlike in Pension Benefit, here it was Plaintiff who attached the Limited Partnership Agreement to their Response to Defendant's Motion to Dismiss, in support of their Complaint.  Moving Defendants were parties to that agreement, are on notice of the document, and therefore neither party is prejudiced by the Court's reference to it in resolving this motion to dismiss.

specifically provides, at Paragraph 6(f), that an equipment lessor such as [Toshiba] 'may enforce its rights against any or all of the Limited Partners directly, without any prerequisite to proceed against the Partnership or the General Partner.'" But, on close reading of the Limited Partnership Agreement, it is not clear that equipment leases such as the one at issue here are covered by Paragraph 6(f). Section 6 of the Limited Partnership Agreement pertains to *capital contributions* to the partnership and the partners' obligations to satisfy "financing obligations in connection with the purchase of equipment *and working capital* for the Partnership." (emphasis added). Plaintiff has not explained how the assigned leases in question fall under this capital contribution provision of the Partnership Agreement, rather than under Section 11(c) which reads:

> Limited Partners. Except as set forth in Section 11(e) hereof, the Limited Partners shall take no part in, or interfere in any manner with the management, conduct or control of the Partnership business or the sale, leasing or refinancing of its assets and shall have no right or authority to act for or bind the Partnership. No Limited Partner, in his capacity as such, shall be liable for the debts, liabilities, contracts or other obligations of the Partnership, other than pursuant to the personal guarantees or similar obligations entered into by such Limited Partner.

The Complaint does not allege that the Limited Partners were parties to the contract at issue in this case, nor does it allege that the Limited Partners are personally liable for contracts entered into by the TSIC LP under the Partnership Agreement. The Partnership Agreement attached to Plaintiff's response does not resolve this deficiency, as Plaintiff fails to explain why Section 6(f) and not Section 11(c) governs the Limited Partners' liability under the contract. Accordingly, the Court finds that Plaintiff has failed to state a claim against the Limited Partners.

**Conclusion**

For the reasons set forth above, Moving Defendants' motion to dismiss will be denied as to the claims against TSIC Inc., and granted as to the claims against the Limited Partners.